UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA ANN HANKERSON,<br><br>                              Plaintiff,<br><br>        -against-<br><br>HIPPA, DEPARTMENT OF HEALTH, et al.,<br><br>                              Defendants. | 24-CV-1402 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Theresa Ann Hankerson, of Brooklyn, New York, who appears *pro se*, filed this action alleging that Defendants violated her constitutional rights. By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. For the reasons set forth below, the Court dismisses this action as frivolous.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff brings this action using the court's general complaint form and invoking federal question jurisdiction. She sues: (1) "HIPPA," apparently referring to the Health Insurance Portability and Accountability Act ("HIPAA"), which she identifies as part of the Department of Health; (2) a post office branch located in Brooklyn, New York; (3) the Internal Revenue Services ("IRS"); (4) Desiree Ellis; (5) Path Jobs; (6) Project Renewal; (7) South Brooklyn Hospital; (8) New York City Housing Authority ("NYCHA"); (9) Google; (10) "Dark web site"; (11) "vintage TV"; and (12) "onion webs sites." (ECF 1, at 1, 4-5.)[1] In the section of the complaint form that asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, she writes:

> I beening catfish. I went for job placements with Path for job, they had referral to Project Renewal, with all of my certification, credentials.[2]

(*Id*. at 2.) Plaintiff alleges that the date(s) of occurrence of the events giving rise to her claims is "for years to present." (*Id.* at 5.)

Plaintiff asserts the following as the facts of her case:

> I went to go gegistion on Path for jobs I had registration at Path for job do to what going on the web site threw Google TV[,] onion web, dark webs I being catfish and discriminated, cybebulling, these agencies is catfishing me bulling me, violated my constitutional rights. What going on is that these places is not acceptance me. also, I'm going threw prejudice as well, on July 23, 2023 next door neighbor, they call EM for me Theresa Ann Hankerson to the I decided to go so when I got there I told the doctor that it okay I will like to sign my self out of the emergency the call the security, and give me a needle they had restrain me held me over my wall, keep me in the hospital from July 23 to Aug 1 of 2023.,

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[2] Catfishing refers to "a person who sets up a false personal profile on a social networking site for fraudulent or deceptive purposes" Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/catfish **[**https://perma.cc/KAC2-U5LB**]** (last visited July 10, 2024).

> this is so horrible what Im going threw, HIPPA been violated my rights for years
> my DNA is being pass to celler phone TMobile scientist technology[.]

(*Id.* at 5-6.) In the injuries section, Plaintiff claims that, after she was hit in the face "with a locker," she went to the hospital and there was "bullying outside because of the website they created. (*Id*. at 6.)

Plaintiff seeks as relief "compensation, moving forward with [her] career, press charges on Desiree Ellis, sue HIPPA, protective custody[,] [and to] move out of that place." (*Id*.)

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

To the extent that the Court can understand Plaintiff's complaint, her claims are premised on her belief that Defendants are creating false online profiles, engaging in cyberbullying, and discriminating against her through the internet, including on Google and dark websites. Plaintiff

3

claims that the catfishing has affected her registration for jobs, and led to her hospitalization in the summer of 2023.[3] Plaintiff also asserts that her HIPAA rights have been violated and her DNA is being passed around through cellphones. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her claims of catfishing, cyberbullying, and discrimination. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true but, because she has pleaded no factual predicate to support them, are implausible. Therefore, her allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652,

---

[3] Plaintiff names South Brooklyn Hospital as a defendant and may be attempting to assert a claim of involuntary hospitalization. To the extent that Plaintiff is seeking to raise claims with respect to the hospitalization that occurred in Brooklyn, New York, this court may not be the appropriate venue for those claims. *See* 28 U.S.C. § 1391; 28 U.S.C. § 112(c) (Brooklyn, which is located in Kings County, New York, falls within the area served by the United States District Court for the Eastern District of New York).

17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and, for the reasons discussed above, the Court dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment in this action.

SO ORDERED.

Dated:   August 26, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge